

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable J. S. Murchison
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Mr. Murchison:

Opinion No. O-3464

Re: Matter of the authority of
the State Board of Public
Welfare to destroy the
records, reports, etc. as
scrap paper formerly con-
stituting the archives of
the Texas Relief Commis-
sion.

      This will acknowledge receipt of your letter of
April 29, 1941, as follows:

"Of date September 1, 1939, the Texas Relief Commission,
along with other agencies, was merged into the State De-
partment of Public Welfare. Prior to September 1, 1939,
and since that time, certain records, files, and reports
which represent an accumulation covering the operations
of the Texas Relief Commission for the period from 1932
to September 1, 1939, remained stored in various cities
of the state. These records, files, and reports consist
principally of copies of Work Project Reports, copies of
miscellaneous correspondence, disbursing order registers,
time reports, accounting records, work cards, copies of
original checks, and many other records.

"A considerable quantity of the records are now stored
in the basement of a building in San Antonio, Texas.
The Area Supervisor has notified the State Department
of Public Welfare that notice has been given the Area
Office to vacate the building by May 21, 1941, which
will necessitate the removal of the records from the
basement of this building. Upon investigation, it has
been determined that to remove the records from San
Antonio to Austin it will require an outlay of funds
in the approximate sum of $150.00.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I anticipate that from time to time this agency will be
confronted with a similar situation in other cities of
the state where records are stored, and it is my opinion
that some disposition should be made of the records as
they are of no value to this agency and no further useful
purpose could be served by keeping them in storage and to
continue to pay freight in having them removed from one
place to another when a situation arises as the one in
the city of San Antonio.

"Of date August 19, 1939 the State Board of Control enter-
ed into a contract with H. A. Carter Company for a detailed
audit of the activities and operations of the Texas Relief
Commission from July 1, 1936 to August 31, 1939 and to in-
corporate into such audit certain financial information
from November 1, 1932 to August 31, 1939. This audit was
duly made and a copy of same was filed with the Board of
Control and acknowledged by the Chairman of said Board as
being acceptable to said Board. Likewise, a copy of the
audit was filed in the office of Mr. Corrington Gill, Assist-
ant Commissioner of the Federal Works Agency, Washington,
D. C., and in his acknowledgment of the receipt of the copy
of the audit, he stated, among other things, as follows:

"'The report presents a very orderly picture
of the Commission's activities and brings
me to the conclusion that the financial af-
fairs of the Commission were conducted in a
very businesslike and commendable manner.
I feel that the Commission is to be compli-
mented highly.'

"It is the intention of this agency to keep in storage pay-
rolls, vouchers, and any other basic records where it ap-
pears some necessity might exist in the future that refer-
ence would have to be made to them, and to disregard the
files, et cetera, which, in my opinion, are of no further
value.

"In view of the above statement, I desire your opinion on
two questions, namely:

"1.   Does the State Board of Public Welfare
      have the authority to destroy the records
      or to dispose of the records, reports, et
      cetera, as scrap paper by sale under the
      direction and supervision of the State
      Board of Control?

Honorable J. S. Murchison - page 3

"2. In the event you answer question No. 1 in
the affirmative, then, should the proceeds
be credited to the General Revenue Fund or
to the General Relief Fund of the State De-
partment of Public Welfare?"

We beg to advise that the State Board of Public
Welfare, as legal successor to the Texas Relief Commission,
does not have the authority to destroy the records, or to
dispose of the records, reports, papers, documents, etc.,
mentioned in your inquiry.

It is a well-recognized governmental policy for the
various departments of the Government to keep and preserve
the papers, documents, instruments, rulings, orders, and the
like, of such department, and no argument needs to be advanced
to show the desirability, and even the necessity, in most in-
stances, for such policy.

Article 3731 of the Revised Civil Statutes declares
that:

"Certified copies, under the hands and of-
ficial seals of the heads of departments, of
all notes, bonds, mortgages, bills, accounts,
or other documents, properly on file in any
department of this State, shall be received
in evidence on an equal footing with the
originals in all suits now pending, or which
may be hereafter instituted in this State,
where the originals of such notes, bonds,
mortgages, bills, accounts or other documents
would be evidence."

We think the department here referred to includes
boards and commissions such as the State Board of Public
Welfare, and the Texas Relief Commission. And the purpose
and object of the statute could be accomplished only through
a preservation of such documents, papers, etc., constituting
the archives of the particular department.

Moreover, there is another and even better reason
why such archives should be permanently preserved. The State
itself is governmentally concerned with keeping as nearly as
may be possible a complete record of the affairs of its de-
partments with respect to the matters committed to them.
Such things represent the functioning of the State.

Honorable J. S. Murchison - page 4

Your Board, like other boards, commissions and governmental agencies, has just such powers and none other, as are conferred upon it either by express law or by necessary implication. There is no law authorizing the destruction of the archives mentioned, and, therefore, the power to destroy them is not vested in any one.

Our ruling follows our Opinion No. O-2241, giving similar advice to the Chairman and Executive Director of the Texas Unemployment Compensation Commission, a copy of which opinion we hand you herewith.

APPROVED MAY 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

Enclosure

